NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BILLIE O. STONE, DBA STOBIL ENTERPRISE,**
*Appellant*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Appellee*

---

2020-1732

---

Appeal from the Civilian Board of Contract Appeals in No. 5698-R, Administrative Judge Harold C. Kullberg, Administrative Judge Beverly M. Russell, Administrative Judge Marian Elizabeth Sullivan.

---

Decided: October 19, 2021

---

BILLIE STONE, San Antonio, TX, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for appellee. Also represented by BRIAN M. BOYNTON, ROBERT EDWARD KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before NEWMAN, LOURIE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Billie O. Stone d/b/a Stobil Enterprise appeals the Civilian Board of Contract Appeals' decision to grant the government's motion for summary judgment and to deny Mr. Stone's motion for summary judgment. *Stobil Enter. v. Dep't of Veterans Affs.* ("*Board Decision*"), CBCA 5698, 19-1 BCA ¶ 37,428. Because we are unpersuaded by Mr. Stone's arguments, we *affirm*.

## BACKGROUND

The Department of Veterans Affairs ("VA") awarded Mr. Stone a contract to provide janitorial and food support services for a VA inpatient living program in Texas. The contract incorporated FAR 52.222-41, which requires contractors to pay their service employees wages and fringe benefits in accordance with the wage determination attached to the contract. *See* FAR 52.222-41(c) (2008). The contract also incorporated FAR 52.222-43. This regulation provides that the applicable Department of Labor wage determination for a multiple year or option contract is the wage determination that is current on the anniversary date of the multiple year contract or the beginning of each renewal option period. *See* FAR 52.222-43(c) (2008). FAR 52.222-43 further provides for contract price adjustments based on actual increases or decreases in wages and fringe benefits that result from the applicable wage determination:

> The contract price, contract unit price labor rates, or fixed hourly labor rates will be adjusted to reflect the Contractor's actual increase or decrease in applicable wages and fringe benefits to the extent that the increase is made to comply with or the decrease is voluntarily made by the Contractor as a result of:

> (1) The Department of Labor wage determination applicable on the anniversary date of the multiple year contract, or at the beginning of the renewal option period. . . .

FAR 52.222-43(d).

Mr. Stone's contract included a base year of January 1 to December 31, 2009 and four option years, which extended through December 31, 2013. The VA exercised all four options and further extended the term of Mr. Stone's contract through June 30, 2014. The contract and each modification to exercise an option or extend the term specified or attached the applicable Department of Labor wage determination and revision number. *See* Appellee's Appx. 56, 79–83, 86–111. Each wage determination listed the wage rates by occupation and fringe benefits, including health and welfare benefits.

The VA awarded Mr. Stone a second contract to continue providing food support services from July 1 to December 31, 2014. The VA extended the term of this contract through January 31, 2015. This contract incorporated FAR 52.222-41 but not FAR 52.222-43. The VA attached the applicable Department of Labor wage determination to this contract.

In December 2013, in response to a complaint from one of Mr. Stone's service employees, the Department of Labor began investigating whether Mr. Stone had paid his employees prevailing wages and fringe benefits. In May 2015, the Department of Labor determined that Mr. Stone owed a total of $104,800.27 in back wages to his employees for work periods between November 2011 and September 2013. Appellee's Appx. 235–37. In January 2016, the Department of Labor corrected its figure to $99,780.98.[1] The

---

[1]    We express no opinion on whether the Department of Labor's final amount of $99,780.98 is correct.

Department of Labor requested that the VA withhold funds due to Mr. Stone under his contracts and transfer the withheld funds to the Department of Labor.

Concurrent with the Department of Labor's investigation, in December 2013, Mr. Stone submitted a request for an adjustment resulting from increases in prevailing wages and fringe benefits. In August 2014, Mr. Stone renewed his request and also sought compensation for losses of equipment and supplies. In January 2015, Mr. Stone submitted an updated figure of $116,866.40. Mr. Stone calculated this figure by aggregating the increase in wages and fringe benefits over the term of both contracts, using a 2080-hour work year, i.e., a 40-hour work week.

In response to Mr. Stone's requests, the VA asked for Mr. Stone's actual pay records. On review of the records, the VA determined that it owed Mr. Stone $21,865.37 for increases in health and welfare benefits. The VA calculated this figure by aggregating the increase in fringe benefits over the term of both contracts, based on the actual hours each employee worked. The VA did not grant any adjustment for increases in wage rate because Mr. Stone paid his employees more than the wage rate required by the applicable Department of Labor wage determination. Mr. Stone and the VA memorialized this adjustment in a modification of Mr. Stone's first contract. Although Mr. Stone released the government from further adjustments attributable to the same set of facts or circumstances, an exception to the release preserved Mr. Stone's dispute over the amount of back wages that the VA owed him.

Pursuant to the Department of Labor's request to withhold funds owed to Mr. Stone, the VA transferred the $21,865.37 to the Department of Labor. The VA also transferred to the Department of Labor other amounts owed to Mr. Stone, including his last contract payment and the VA's payments for Mr. Stone's losses of equipment and

supplies.  As of January 4, 2016, the Department of Labor asserts that Mr. Stone still owes $62,117.37 in back wages.

In November 2016, Mr. Stone submitted a certified claim to the VA contracting officer seeking, *inter alia*, (a) the $95,001.03 difference between his requests for an adjustment and the adjustment of $21,865.37 that the VA paid him, (b) accompanying increases in social security and unemployment taxes and workers' compensation insurance, (c) administrative costs, (d) harm and damages, and (e) interest.  The VA contracting officer denied Mr. Stone's claims.  The contracting officer explained that the VA paid Mr. Stone $21,865.37 for increases in health and welfare benefits based on *actual* employee hours worked.  The contracting officer denied Mr. Stone's other claims for a lack of supporting documentation to substantiate them.

Mr. Stone appealed the contracting officer's decision to the Civilian Board of Contract Appeals.  On appeal, the parties each moved for summary judgment.  The Board ordered the parties to submit supplemental briefing and additional evidence because neither party had supported its motion with "the type of evidence required to demonstrate entitlement to summary relief."  Appellee's Appx. 472, 474.  Among the evidence that Mr. Stone submitted was a demonstrative schedule of costs describing each of Mr. Stone's claims, the agency's actions in response to Mr. Stone's claims, and the amount Mr. Stone sought.

On September 10, 2019, the Board denied Mr. Stone's motion for summary judgment and granted the VA's motion.  *Board Decision*, slip op. at 14.  As to Mr. Stone's claim for a greater adjustment, the Board determined that, although Mr. Stone had multiple opportunities to include materials in the record to support his claim, he produced no evidence raising a genuine issue as to whether the VA owes him an additional amount.  *Id.* at 11.  The Board determined that Mr. Stone could not receive the amount he sought under FAR 52.222-43 because Mr. Stone calculated

his figure using projected hours worked and not actual hours worked. *Id.* The Board found the affidavits of Mr. Stone and his contract manager conclusory and explained that the deposition testimony of VA contracting officers did not show Mr. Stone's entitlement to summary judgment. *Id.* at 12–13. Because Mr. Stone did not meet his burden to defeat the VA's motion, the Board granted the VA summary judgment on this claim.[2] *Id.* at 13.

The Board also granted the VA summary judgment on Mr. Stone's other claims. *Id.* at 7–8, 13–14. The Board explained that FAR 52.222-43 expressly excludes administrative costs from adjustments based on increases in wages and fringe benefits. *Id.* at 13–14 (quoting FAR 52.222-43(e)). The Board further explained that Mr. Stone's claim for harm and damages, which includes damages for lost business opportunities outside of the two contracts at issue on appeal, was too remote and speculative to be recoverable. *Id.* at 14. Finally, the Board concluded that Mr. Stone was not entitled to interest because there was no amount due on his claims. *Id.*

Mr. Stone timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(10).

## DISCUSSION

Our review of Board decisions is governed by 41 U.S.C. § 7107. We review the Board's conclusions of law, including grants of summary judgment, without deference. *See Rex Sys., Inc. v. Cohen*, 224 F.3d 1367, 1371 (Fed. Cir.

---

[2]    The Board rejected the VA's other grounds for summary judgment on Mr. Stone's claim for a greater adjustment, including that (1) Mr. Stone released the VA from liability by agreeing to the modification of the first contract and (2) Mr. Stone failed to provide timely notice of the increase in wages and fringe benefits as required by FAR 52.222-43. *Board Decision*, slip op. at 9–10.

2000); 41 U.S.C. § 7107(b)(1).  We review the Board's decisions on questions of fact with deference, only setting them aside if they are "(A) fraudulent, arbitrary, or capricious; (B) so grossly erroneous as to necessarily imply bad faith; or (C) not supported by substantial evidence."  *See Boeing Co. v. Sec'y of Air Force*, 983 F.3d 1321, 1333 (Fed. Cir. 2020); 41 U.S.C. § 7107(b)(2).

The Federal Rules of Civil Procedure require a court to grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Disputed facts are material only if they "might affect the outcome of the suit under the governing law," and disputes about a material fact are only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  There is no genuine dispute as to any material fact where the nonmoving party bears the burden of proof on an issue and fails to make a showing sufficient to establish the existence of an element essential to its case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  This is because the failure of proof concerning an essential element of the nonmoving party's case "necessarily renders all other facts immaterial."  *Id.*

On appeal, Mr. Stone principally argues that the Board erred in granting the government summary judgment on his claim for a greater adjustment under FAR 52.222-43.  FAR 52.222-43 provides for the adjustment of contract price, contract unit price labor rates, or fixed hourly labor rates "to reflect the Contractor's actual increase . . . in applicable wages and fringe benefits to the extent that the increase is made to comply with" the applicable Department of Labor wage determination.  FAR 52.222-43(d). The FAR provides the following example of a proper adjustment calculation:

> For example, the prior year wage determination re-
> quired a minimum wage rate of $4.00 per hour.
> The Contractor chose to pay $4.10. The new wage
> determination increases the minimum rate to
> $4.50 per hour. Even if the Contractor voluntarily
> increases the rate to $4.75 per hour, the allowable
> price adjustment is $.40 per hour[.]

*Id.* This example illustrates two principles with regard to
an adjustment based on increases in wages and fringe ben-
efits. First, the adjustment only includes the increase in
applicable wages and fringe benefits that a contractor *ac-
tually* experiences, even if the Department of Labor wage
determination reflects a larger increase. Second, an ad-
justment does not include voluntary increases above the
new wage determination. In this way, the adjustment only
covers increases that are "made to comply with" the appli-
cable Department of Labor wage determination. *Id.*

Here, the Board correctly granted the government
summary judgment because Mr. Stone failed to raise a gen-
uine dispute of material fact as to whether the VA owes
him a greater adjustment under FAR 52.222-43. Because
the government (and not Mr. Stone) is entitled to judgment
as a matter of law, the Board also correctly denied Mr.
Stone summary judgment. In particular, Mr. Stone failed
to show that his *actual* increases in applicable wages and
fringe benefits exceeded the amount that the VA calcu-
lated. As the Board explained, Mr. Stone's calculation of
an adjustment of $116,866.40 assumes 2080 work hours
per year per employee. *Board Decision*, slip op. at 11. But
Mr. Stone has not sufficiently shown that his employees
*actually* worked 2080 hours per year, a necessary element
to receive a greater adjustment. *See Celotex Corp.*, 477
U.S. at 322–23. As the Board explained, the conclusory af-
fidavits of Mr. Stone and his contract manager that the VA
owes Mr. Stone additional money are not enough to prevent
the award of summary judgment. *Board Decision*, slip op.
at 12; *see also Barmag Barmer Maschinenfabrik AG v.*

*Murata Machinery, Ltd.*, 731 F.2d 831, 836 (Fed. Cir. 1984) ("Mere denials or conclusory statements are insufficient."). Indeed, according to the VA's calculation, which reflects the hours worked from Mr. Stone's actual pay records, Mr. Stone's employees did not work 2080 hours per year.

We are unpersuaded by Mr. Stone's arguments on appeal. First, Mr. Stone argues that the Board deliberately ignored probative evidence, including: (a) admissions under oath that the VA contracting officer erred in his calculation of the adjustment and that the VA was willing to compensate Mr. Stone, (b) findings by the Department of Labor that the VA failed to inform Mr. Stone of increases in wages and fringe benefits and that Mr. Stone's employees were owed back wages, (c) requests from Mr. Stone's employees for the amounts of back wages that the Department of Labor found, and (d) allegations that the government's counsel committed perjury. *E.g.*, Appellant's Br. 5–9, 17–18, 24, 31–35; *see also, e.g.*, Amicus Br. of Sean Dries; Amicus Br. of Sabas Gonzalez, Jr. Mr. Stone contends that the Board's disregard of this evidence constitutes a denial of due process. *E.g.*, Appellant's Br. 12, 27, 41.

The evidence Mr. Stone identifies does not raise a genuine dispute of material fact that precludes summary judgment on his claim for a greater adjustment. As the Supreme Court explained, a nonmoving party's failure to establish the existence of an essential element to its case "necessarily renders all other facts immaterial." *See Celotex Corp.*, 477 U.S. at 322–23. Even if we consider all the evidence Mr. Stone cites, Mr. Stone has not shown the existence of an *actual* increase of more than $21,865.37 in applicable wages and fringe benefits that was made to comply with the applicable Department of Labor wage determination, as required by FAR 52.222-43. We therefore see no violation of Mr. Stone's right to due process.

We also reject several of Mr. Stone's characterizations of the record. For example, the VA contracting officer did not admit to an error in his calculation of the $21,865.37 amount. He testified that his calculation was correct but acknowledged that he adjusted his calculation based on information Mr. Stone provided him. We also see no indication that the Department of Labor found the VA responsible for back wages. Instead, the Department of Labor determined that Mr. Stone owed back wages and requested the VA withhold and transfer funds owed to Mr. Stone.[3] Further, the Department of Labor did not find that the VA failed to inform Mr. Stone of increases in wages and fringe benefits. Mr. Stone's reliance on the Department of Labor's Prevailing Wage Resource Book is misplaced. That guidance merely describes the Department of Labor's investigation process, which includes reviewing whether federal agencies complied with regulations requiring the incorporation of the applicable wage determination in the initial contract, when they exercise an option, and when they extend the contract term. Appellant's Appx., Ex. M, at 3, 5.

Second, Mr. Stone argues that the Board ignored its prior determination that the government presented no evidence in support of summary judgment. *E.g.*, Appellant's Br. 6, 17, 25, 32. We see no reversible error. When the nonmoving party bears the burden of proof on an issue, as Mr. Stone does here, the moving party "can simply point out the absence of evidence creating a disputed issue of

---

[3]    The Department of Labor's calculation of back wages and the VA's calculation of an adjustment result in different figures. This appeal challenges only the VA's calculation. On the record before the Board and us, Mr. Stone has not shown a genuine issue of material fact that precludes summary judgment on his claim for a greater adjustment.

material fact," after which the nonmoving party must produce evidence that there is such an issue in the case. *See Simanski v. Sec'y of Health & Human Servs.*, 671 F.3d 1368, 1379 (Fed. Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 325). As noted, Mr. Stone did not provide evidence to raise a genuine issue of material fact that precludes summary judgment on his claim for a greater adjustment.

Finally, Mr. Stone argues that (a) the Board fraudulently decided the case and (b) no substantial evidence supports the Board's decision. *E.g.*, Appellant's Br. 15–16, 23, 32, 39–41, 44. These arguments are premised on standards of review in 41 U.S.C. § 7107 for setting aside a Board's decision on *questions of fact*. *See* 41 U.S.C. § 7107. The Board did not engage in factfinding here. *See Lemelson v. TRW, Inc.*, 760 F.2d 1254, 1260 (Fed. Cir. 1985) ("If a dispute requiring a finding exists as to any material fact, summary judgment is improper."). Under the applicable *de novo* standard of review, we hold that the Board correctly granted the government summary judgment on Mr. Stone's claim.

## CONCLUSION

We have considered Mr. Stone's remaining arguments, including those on his claims for social security and unemployment taxes, workers' compensation insurance, other harm, and interest. We find them to be without merit and, therefore, *affirm*.

## AFFIRMED